# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-858V
UNPUBLISHED

| | |
|---|---|
| ANNA MILLER and MATTHEW MILLER, on behalf of A.M., a minor child,<br><br>     Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 5, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Rotavirus Vaccine; Intussusception |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioners.*

*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On February 3, 2021, Anna Miller and Matthew Miller, on behalf of A.M., a minor child, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners alleges that A.M. suffered intussusception as a result of receiving a rotavirus vaccination on November 1, 2019. Petition at 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 22, 2021, a ruling on entitlement was issued, finding Petitioners entitled to compensation for intussusception. On April 4, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating that A.M. should be awarded $35,965.00

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

comprised of $35,000.00 for pain and suffering payable to Petitioners as guardian/conservator of A.M.'s estate and $965.00 for past unreimbursable expenses payable to Petitioners. Proffer at 1-2. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioners two lump sum payments as described below:**

   (1) **A lump sum payment of $35,000.00 in the form of a check payable to petitioners as guardian(s)/conservator(s) of A.M.'s estate[3]; and**
   (2) **A lump sum payment of $965.00 in the form of a check payable to Petitioners.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to the Proffer, no payments shall be made until Petitioners provides respondent with documentation establishing that they has been appointed as the guardian(s)/conservator(s) of A.M.'s estate. Proffer at 2.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

ANNA MILLER and MATTHEW MILLER,
on behalf of A.M., a minor child,

Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.

No. 21-858V
Chief Special Master Corcoran
ECF

## PROFFER ON AWARD OF DAMAGES

On February 3, 2021, Anna Miller and Matthew Miller ("petitioners") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, on behalf of her daughter, A.M., a minor, alleging that A.M. suffered intussusception as a result of receiving a rotavirus vaccination on November 1, 2019. *See* Pet. at 15. On September 21, 2021, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 17. On September 22, 2021, Chief Special Master Corcoran issued a Ruling of Entitlement, finding that petitioners were entitled to vaccine compensation for A.M.'s intussusception and resulting sequelae. ECF No. 18.

I.  **Compensation for Vaccine injury-Related Items**

Based on the evidence of record, respondent proffers that petitioners should be awarded the following:

A. Pain and Suffering

Respondent proffers that petitioners should be award $35,000.00 for A.M.'s pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

B. Past Unreimbursable Expenses

Evidence supplied by petitioners document that they incurred past unreimbursable expenses related to A.M.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $965.00. *See* 42 U.S.C. § 300aa-15(a)(1)B). The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.

## II. Form of the Award

Respondent recommends that the compensation provided to petitioners be made through two lump sum payments as described below:

(1) A lump sum payment of $35,000.00 in the form of a check payable to petitioners as guardian/conservator of A.M.'s estate.[1] No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of A.M.'s estate; and

(2) A lump sum payment $965.00 in the form of a check payable to petitioners.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

---

[1] Should A.M. die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost earnings.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ NANCY O. TINCH
Nancy O. Tinch
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
(202) 305-2078

Date: April 4, 2022